**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**FRANCIS J. CALABRESE**

           **Plaintiff,**

**v.**                                **1:16-cv-21**

**U.S. DEPARTMENT OF LABOR;**
**RHOLANDA BANSIGHT, DISTRICT 2 DIRECTOR,**
**U.S. DEPARTMENT OF LABOR, OFFICE OF**
**WORKERS' COMPENSATION PROGRAMS**


           **Defendants**.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**THOMAS J. McAVOY**
**Senior United States Judge**

<u>**DECISION and ORDER**</u>

      Before the Court is Defendants' motion to dismiss Plaintiff's Amended

Complaint. <u>See</u> dkt. # 21. Rather than responding to the Complaint, Plaintiff has

informed the Court that he no longer intends to pursue the action. <u>See</u> dkt. # 22. The

Court will therefore treat the motion to dismiss as unopposed.

      Defendants have filed a motion to dismiss for failure to state a claim pursuant to

Federal Rule of Civil Procedure 12(b)(6). In addressing a Rule 12(b)(6) motion, the

Court must accept "all factual allegations in the complaint as true, and draw all

reasonable inferences in the plaintiff's favor." <u>Holmes v. Grubman</u>, 568 F.3d 329, 335

(2d Cir. 2009). This tenet does not apply to legal conclusions. <u>Ashcroft v. Iqbal</u>, 556

U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." <u>Id.</u> at 678. "To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

to state a claim to relief that is plausible on its face." Id. (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)). When, as here, the Plaintiff proceeds *pro se*, the Court must "'construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'" Weixel v. Bd. of Educ. of N.Y., 287 F.3d 138, 146 (2d Cir. 2002) (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000)). "This is especially true when dealing with *pro se* complaints alleging civil rights violations." Id. The Court treats the motion here as unopposed. Since "no response was necessary" to a 12(b)(6) motion to dismiss, the Court will apply the appropriate legal standard and determine whether Plaintiff's Amended Complaint states a claim upon which relief could be granted. Maggette v. Dalsheim, 709 F.2d 800, 802 (2d Cir. 1983).

The Court previously granted Defendants' motion to dismiss Plaintiff's Complaint, but provided leave for Plaintiff to file an Amended Complaint that raised claims under the Rehabilitation Act. The Court explained:

> To establish a prima facie case of discrimination under the Rehabilitation Act, a plaintiff must show: "(1) that he has a disability for purposes of the Rehabilitation Act; (2) that he was "otherwise qualified" for the benefit that has been denied; (3) that he has been denied the benefits "solely by reason" of his disability; and (4) that the benefit is part of a "program or activity receiving Federal financial assistance." Doe v. Pfrommer, 148 F.3d 73, 82 (2d Cir. 1998).
>
> Although Plaintiff alleges discrimination on the basis of disability, Plaintiff again is attempting to challenge the OWCP's final benefit determination. To the extent Plaintiff is using a discrimination theory to challenge the OWCP determination, for the same reasons stated above, the FECA precludes Plaintiff's claims. See Mathirampuzha, 548 F.3d 70, 72 (2d Cir. 2000). Further, even assuming Plaintiff's discrimination claims were not precluded, Plaintiff has again failed to exhaust administrative remedies. See Rivera v. Heyman, 157 F.3d 101, 103 (2d Cir. 1998) ("The exhaustion requirements of Title VII . . . apply to a federal employee seeking relief pursuant to the Rehabilitation Act."). Before Plaintiff can bring his claims in federal court, Plaintiff must exhaust administrative

remedies with the Equal Employment Opportunity Commission. To the extent Plaintiff is alleging substantive disability discrimination under the Rehabilitation Act, Plaintiff's complaint is dismissed with leave to replead if Plaintiff can amend his complaint to allege facts showing that the OWCP and the DOL discriminated against Plaintiff on the basis of his disability and that he has satisfied his exhaustion requirements. <u>See</u> <u>Pfrommer</u>, at 82 (explaining the requirements of a Rehabilitation Act claim)

<u>See</u> dkt. # 14 at 9-10.

Plaintiff has filed an Amended Complaint. <u>See</u> dkt. # 20. That Amended Complaint fails to address any of the issues raised concerning allegations of disability discrimination and the filing of an administrative claim pointed to in the Court's earlier decision. Plaintiff has failed to state a claim upon which relief could be granted, and the Court will therefore GRANT the Defendants' unopposed motion to dismiss, dkt. # 21, with prejudice.

IT IS SO ORDERED

Dated: October 2, 2017

Thomas J. McAvoy
Senior, U.S. District Judge